UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO.:

CitiMortgage, Inc.,
    Plaintiff,
v.

Vladimir Shapiro; Fidelity National
Title Insurance Company; Marc
Kadis
    Defendants.

**VERIFIED COMPLAINT**

INTRODUCTION

By this action, CitiMortgage, Inc. ("CitiMortgage") seeks damages from Fidelity Title Insurance Company ("Fidelity") as a result of Fidelity's failure to payoff and discharge a certain senior lien of record. Rather than pay CitiMortgage's claim, which is covered under the plain language of the title policy and terms relative thereto, Fidelity engaged in a scheme to avoid its obligations under the policy, wrongfully delaying and then denying the claim and forcing its insured to litigate to collect moneys which are undisputedly owed and to address the title issues arising from Fidelity's failures as they pertain to its obligations to its insured. Accordingly, CitiMortgage brings this action for declaration of its rights and to collect under the terms of the Policy and to collect damages under G.L. c. 93A and G.L. c. 176D as a result of Fidelity's knowing, willful, intentional failure to pay the claim and to establish that: (a) Fidelity was and currently is obligated to defend and satisfy Plaintiff under the terms of the Policy; (b) that Fidelity's failure to defend it was a breach of the Policy; and, (c) Fidelity is responsible for attorneys' fees and costs incurred to date by CitiMortgage. This Complaint also seeks to establish and obtain

declaration that the priority of a lien on property located at Unit B-6, In the Towne Lyne House Condominium, 121 Tremont Street, Brighton, Massachusetts (the "Property").  Plaintiff is the holder of a Mortgage which had been inadvertently subordinated to an un-discharged prior lien (execution) notwithstanding said mortgage having been entered into as priority first position lien and insured as such by title insurer.  The Plaintiff's Mortgage had not been paid and Plaintiff's predecessor in interest did not intend that its Mortgage would be entered into as a mortgage junior to an un-discharged lien (execution).  Further this complaint seeks a determination as to the ongoing obligation of the mortgagor Vladimir Shapiro ("Shapiro") as to his responsibilities under the Note as secured by the Mortgage and award of damages relative thereto.

PARTIES

1. The Plaintiff, CitiMortgage, Inc. (hereinafter "Plaintiff", "Citi" or "Lender"), is a corporate entity duly organized in New York  and having a place of business at 1000 Technology Drive, O'Fallon, Missouri.

2. The Defendant, Vladimir Shapiro (hereinafter "Shapiro"), is an individual currently residing at 2212 Windsor Woods Lane, Canton, Massachusetts 02021.

3. The Defendant, Fidelity National Title Insurance Company (hereinafter "Fidelity "), is a business entity duly organized in Nebraska and having a usual place of business at 6601 Frances Street, Omaha, Nebraska 68106 and has its corporate headquarters as 1300 Dove Street, Ste 310, Newport Beach, California and does business in Massachusetts.

4.  This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as the Plaintiff is a corporation organized in the State of New York with a principal place of business in Missouri and the corporate defendant is organized in the State of Nebraska with a principal

place of business in California and the remaining individual defendants are citizens of Massachusetts and this action relates to property located in Massachusetts.

5. The Defendant Marc Kadis (hereinafter "Kadis") is an individual with a last and usual residence at 30 Gray Birch Terrace, Newtonville, Massachusetts.

## FACTS

6. By deed dated April 18, 2006, Defendant Shapiro obtained title to the property located at Unit B-6, In the Towne Lyne House Condominium, 121 Tremont Street, Brighton, Massachusetts by virtue of said deed recorded on April 26, 2006 at Book 39462, Page 165. (EXHIBIT A).

7. In conjunction with said purchase of the subject property, on April 26, 2006 Shapiro obtained a mortgage funded by New Century Mortgage in the principal amount of $192,800.00 recorded on April 26, 2006 at Book 39462, Page 167.

8. Subsequent thereto an Execution on Money Judgment from Boston Municipal Court, Brighton Division, Docket Number 0108 CV 0371 dated January 14, 2008 was obtained in favor of Seymore-James LLC in the amount $3,202.90 was recorded as against the property interest of Defendant Shapiro ("2008 Execution") on April 17, 2008 at Book 43406, Page 145. (EXHIBIT B).

9. On May 22, 2008 Shapiro executed a Promissory Note in the original amount of $197,500.00 (hereinafter referred to as the "Note"). (EXHIBIT C).

10. The Promissory Note was secured by a first Mortgage granted to MERS as nominee (hereinafter referred to as the "First Mortgage") on the secured real property. The Mortgage was recorded with the Suffolk County Registry of Deeds May 30, 2008 in Book 43600, Page 264. (EXHIBIT D).

11. In conjunction with the closing relative to the First Mortgage held by Plaintiff's predecessor-in-interest, MERS, all prior liens of record were to be satisfied and title insurance in favor of the

mortgagee was issued and insured by Defendant Fidelity by a document titled "LOAN POLICY OF TITLE INSURANCE" as to the first position mortgage and as against all encumbrances of record. (EXHIBIT E).

12. In conjunction with the closing relative to the First Mortgage, the prior mortgage to New Century Mortgage was discharged on record by recording June 27, 2008 at Book 43730, Page 130.

13. By document dated October 20, 2009, Seymore-James, LLC assigned its interest in the 2008 Execution to Defendant Kadis by "Assignment of Judgment/Execution" recorded on October 28, 2009 at Book 45651, Page 331. (EXHIBIT F).

14. On November 12, 2009 a "Second ('ALIAS') or Successive Execution on Money Judgment" relative to the money judgment from Boston Municipal Court, Brighton Division, Docket Number 0108 CV 0371 was recorded at Book 45712, Page 259. (EXHIBIT G).

15. On November 18, 2009 a sheriff's deed to Defendant Kadis as against the secured property interest of Plaintiff's predecessor-in-interest, MERS, and as to property owned by Vladimir Shapiro was recorded at Book 45724, Page 81. (EXHIBIT H).

16. Subsequent thereto, due to pending transfer of interest to Plaintiff and matters pertaining to default under the First Mortgage by Defendant Shapiro, outstanding loan was referred to foreclosure counsel and the encumbrance of record as to the 2008 Execution was identified. Defendant Fidelity was notified of the continuing existence of the prior un-discharged Execution of record and as to the sheriff's sale relative thereto by letter dated November 30, 2009 in which demand was made to undertake prompt action to clear the record title and assure the priority of the insured mortgage. (EXHIBIT I).

17. In conjunction with the presentment of claim as against Fidelity an electronic mail exchange relative to said claim took place between Plaintiff's foreclosure counsel and Defendant Fidelity. (EXHIBIT J).

18. By document dated December 7, 2009, Plaintiff succeeded on record to the interest of its predecessor-in-interest, MERS, in the First Mortgage by assignment recorded December 16, 2009 at Book 45853, Page 107. (EXHIBIT K).

19. In conjunction with notification to Defendant Fidelity of its claim relative to the insured 2008 execution as encumbrance of record and recordation of sheriff's deed, and as a consequence of Defendant Shapiro's continuing failure to pay under his obligations to Plaintiff as successor-in-interest relative to the First Mortgage and note thereon, Plaintiff commenced a foreclosure proceeding with the Massachusetts Land Court Department of the Trial Court in Case Number 418692 pursuant to the requirements of the Servicemembers Civil Relief Act by recording on April 14, 2010 at Book 46284, Page 282. (EXHIBIT L).

20. By letter dated April 15, 2010, Defendant Fidelity acknowledged submittal of the claim presented more than four and half months before. (EXHIBIT M).

21. By letter dated April 15, 2010, the National Title Group associated with Defendant Fidelity also acknowledged submittal of the claim presented more than four and half months before. (EXHIBIT N).

22. By letter dated April 17, 2010, Defendant Fidelity sent an "Acknowledgement of Claim Notice" relative to the claim presented more than four and half months before. (EXHIBIT O).

23. By letter dated May 12, 2010, Defendant Fidelity acknowledged that it was continuing its investigation relative to the claim presented more than five and half months before. (EXHIBIT P).

24. By letter dated May 26, 2010, the National Title Group associated with Defendant Fidelity further acknowledged continuing investigation relative to the claim presented approximately six months before. (EXHIBIT Q).

25. By letter dated July 6, 2010, Defendant Fidelity further acknowledged investigation relative to the claim presented more than seven months before. (EXHIBIT R).

26. By letter dated July 19, 2010, Defendant Fidelity again acknowledged receipt of the claim dated November 30, 2009 and further acknowledged investigation relative to the claim presented more than seven and a half months before. (EXHIBIT S).

27. By letter dated August 27, 2010, Defendant Fidelity further acknowledged the claim, investigation and intention of Plaintiff as insured to proceed with foreclosure relative to the secured property but for title defect relative to the un-discharged 2008 execution as described in the claim presented approximately nine months before. (EXHIBIT T).

28. By letter dated November 18, 2010, Defendant Fidelity further acknowledged investigation, and possible challenge to the sufficiency and validity of the sheriff's deed which did not contain a power of sale so as to allow the creditor to foreclose non-judicially, relative to the claim presented nearly one year before. (EXHIBIT U).

29. By letter dated December 10, 2010, Defendant Fidelity sent a denial letter relative to the claim presented more than a year before. (EXHIBIT V).

30. Defendant Fidelity has provided no evidence or support to establish that notice relative to the sheriff's auction was sent to MERS pertaining to the October 30, 2009 auction date. (see EXHIBIT V)

31. By letter dated January 26, 2012, demand was made on Defendant Fidelity relative to the foregoing processing of the claim and delay associated therewith. (EXHIBIT W).

32. By letter dated February 6, 2012, Defendant Fidelity sent a response to the demand letter. (EXHIBIT X).

33. By letter dated February 10, 2012, further demand under MGL C. 93A and MGL C. 176D was made on Defendant Fidelity relative to the foregoing processing of the claim and delay associated therewith. (EXHIBIT Y).

34. By letter dated February 16, 2012, Defendant Fidelity sent a further response to the demand letters under MGL C. 93A and MGL C. 176D. (EXHIBIT Z).

35. Said First Mortgage was insured as a senior encumbrance by Defendant Fidelity and Plaintiff's claim was presented relative to the foregoing, but Fidelity has failed and refused to address the issues raised by its claim as set forth in this complaint.

36. Plaintiff maintains that the First Mortgage was not intended to be subordinate to any other liens and was insured as such by Defendant Fidelity as a first position lien.

37. The Defendant Shapiro periodically made payments on the First Mortgage but has fallen into default relative to same, and the outstanding balance on the original note of $197,500.00 plus accruing interest remains outstanding.

38. Plaintiff realized the error relative to the un-discharged prior lien and seeks to correct the public record and establish said First Mortgage in its proper first priority position.

39. Plaintiff fears that an examination of the public record would indicate that no first priority lien exists upon the Property as to the First Mortgage, when in reality Plaintiff is the present holder of an unsatisfied First Mortgage.

## FIRST CLAIM FOR RELIEF

## COUNT I- DECLARATORY JUDGMENT

40. The Plaintiff realleges Paragraphs 1 through 39 of this complaint as though fully set forth herein.

41. There exists between the parties to this action an actual justiciable controversy within the jurisdiction of this court concerning the matters alleged above in the complaint.

## SECOND CLAIM FOR RELIEF

## COUNT II- EQUITABLE RELIEF

42. The Plaintiff realleges Paragraphs 1 through 41 of this complaint as fully set forth herein.

43. In addition to declaratory relief adjudicating the rights of the parties, the Plaintiff believes that it will be necessary for the court to grant equitable relief establishing that Plaintiff is entitled to establishment on the Massachusetts Land Records that it possesses a first position priority mortgage relative to the secured property.

## THIRD CLAIM FOR RELIEF

## COUNT III- BREACH OF CONTRACT

### (as against Fidelity only)

44. The Plaintiff realleges Paragraphs 1 through 43 of this complaint as though fully set forth herein.

45. The Policy insured, among other things, that Plaintiff's predecessor-in-interest and CitiMortgage as successor-in-interest would have a legal, valid and enforceable first position senior mortgage on the property.

46. Notwithstanding the terms of the Policy, the mortgage was subordinate to an un-discharged execution on money judgment.

47. Fidelity has breached its contractual obligations under the Policy by, among other things, failing to pay CitiMortgage for its loss.

48. As a result of Fidelity's breach of contract, CitiMortgage has sustained damages.

## FOURTH CLAIM FOR RELIEF

## COUNT IV- BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

### (as against Fidelity only)

49. The Plaintiff realleges Paragraphs 1 through 48 of this complaint as though fully set forth herein.

50. There is an implied covenant of good faith and fair dealing in every contract including the Policy.

51. Fidelity has breached this covenant of good faith and fair dealing by, among other things, refusing in bad faith to pay CitiMortgage for its loss and to otherwise fail and refuse to take appropriate actions relative to its obligations under the clear terms of the Policy.

52. As a result of Fidelity's breach, CitiMortgage has incurred and continues to incur substantial damages.

## FIFTH CLAIM FOR RELIEF

## COUNT V- MASSACHUSETTS GENERAL LAWS CHAPTERS 93A & 176D

### (as against Fidelity only)

53. The Plaintiff realleges Paragraphs 1 through 52 of this complaint as though fully set forth herein.

54. Fidelity has engaged in an unfair settlement practice pursuant to G.L. c. 176D by, among other things,

- Failing to promptly investigate and resolve a claim;
- Refusing to provide coverage and intentionally avoiding its obligations under the terms of the Policy;
- Refusing to pay an undisputed claim; and,
- Intentionally engaging in a scheme designed to avoid payment of claims by denying claims without any justification or right and forcing claimant to file a lawsuit to collect money due under the policy.

55. Fidelity's unfair and deceptive practices: (a) have been directed at a company which does business in Massachusetts; (b) are related to property in Massachusetts; and (c) relate to losses incurred in Massachusetts. Thus, the activities occurred primarily and substantially in Massachusetts.

56. Plaintiff through counsel caused a written demand for relief pursuant to G.L. c. 93A and relative to G.L. c. 176D, identifying the claimant and reasonably describing the unfair acts or practices relied upon and the injuries suffered, and served upon the Defendant Fidelity by certified mail, return receipt requested.

57. Fidelity's violations of chapters 93A and 176D were knowing and willful.

58. As a result of Fidelity's knowing and willful breach of chapters 93A and 176D, CitiMortgage has and continues to incur substantial damages and is entitled to multiple damages, costs and attorneys' fees.

## SIXTH CLAIM FOR RELIEF

## COUNT VI- BREACH OF CONTRACT

### (as against Vladimir Shapiro only)

59. The Plaintiff realleges Paragraphs 1 through 58 of this complaint as though fully set forth herein.

60. The borrower Defendant Shapiro has failed to comply with obligations under the note to make all principal and interest payments as they came due.

61. CitiMortgage is entitled to payment of an amount of not less than $186,532.40 constituting unpaid principal together with accruing interest in accordance with said Note, advances, attorneys's fees and costs as provided for under the terms of the Note and Mortgage.

62. As a result of Shapiro's breach, CitiMortgage has and continues to incur substantial damages.

## SEVENTH CLAIM FOR RELIEF

## COUNT VII- WRONGFUL FORECLOSURE BY SHERIFF'S SALE

### (as against Marc Kadic only)

63. The Plaintiff realleges Paragraphs 1 through 62 of this complaint as though fully set forth herein.

64. CitiMortgage did not succeed to interest as mortgagee of record relative to the subject first mortgage until recordation of the assignment referenced above as EXHIBIT K on December 16, 2009.

65. Paragraph (C) of the first mortgage instrument provides that the mortgagee at time of execution of the mortgage was Mortgage Electronic Registration Systems, Inc., having an address of P.O. Box 2026, Flint, Michigan 48501 and with a telephone number of (888) 679-MERS.

66. Massachusetts is a "title-theory" jurisdiction, in which an assignment of a mortgage is a transfer of an interest in land that requires an executed writing from a named grantor to a named grantee.

67. In this Commonwealth, an assignment of mortgage is a transfer of an interest in land that requires a executed writing from the Grantor to a named Grantee, *"Like a sale of land itself, the assignment of mortgage is a conveyance of an interest in land that requires a writing signed by the grantor, See G.L. c. 183 § 3; Saint Patrick's Religious, Educ. & Charitable Ass'n v. Hale, 227 Mass. 175, 177, 116 N.E. 407 (1917), In a title theory state like Massachusetts a mortgage is a transfer of legal title to property to secure a debt, See Faneuil Investors Group, Ltd. Partnership v. Selectmen of Dennis, 458 Mass. 1, 6, 933 N.E. 2d 918 (2010). U.S. Bank v. Ibanez*, 458 Mass. 637, 649 (2011).

68. As of the date of the sheriff's sale conducted by or under the authority of Defendant Kadis by virtue of his receipt of assignment of Judgment/Execution from Seymore-James, LLC with authority thereunder to "undertake, at Assignee's own cost, all lawful actions, suits, and

proceedings for the recovery of said money, including but not limited to levy and execution on the Judgment/Execution Debtor's real property by way of sheriff's sale" and by his recording of documents relative thereto, Kadis had an obligation to observe all applicable notice requirements in the conduct of said sheriff's sale.

69. Defendant Fidelity Defendant Fidelity has provided no evidence or support to establish that notice relative to the sheriff's auction was sent to MERS pertaining to the October 30, 2009 auction date notwithstanding that MERS was the record holder of the First Mortgage at time of conduct of the sheriff's sale and recording of sheriff's deed.

70. The statutory notice of a sheriff's sale under G.L. c. 236, section 28 with respect to the interests of a mortgagee of real estate whose identity was readily ascertainable on public records and who was neither given notice nor had actual knowledge of the sale is invalid. *See G.L. 236; Teschke v. Keller, 38 Mass. App. Ct. 627 (1995).*

71. Defendant Kadis did not conduct a valid sheriff's auction sale of the Shapiro residence, based upon a complete evidentiary dearth of authority to do so.

72. Based on the entirety of the foregoing, the Plaintiff is entitled to a finding through a Declaratory Judgment, that the Defendant Kadis cannot establish statutory compliance under the strict requirements of G.L. c. 236.

73. Defendant has not followed the requirements of G.L. c. 236 strictly, as he did not, among other things, properly identify or notify the true "holder" of Plaintiff's mortgage, and thus any sheriff's auction held by Defendant Kadis concluding in the sale of the Shapiro residence would be void.

74. Defendant's sheriff's auction was void ab initio and notwithstanding same Defendant Kadis has caused to be recorded documents damaging to Plaintiff and wrongfully asserting to the world that he is the rightful owner to the Shapiro property in the Suffolk Registry of Deeds.

75. Plaintiff seeks all damages in tort, or otherwise, allowable, for these transgressions by Defendant, and will prove damages at trial.

## EIGHTH CLAIM FOR RELIEF
## COUNT VIII- SLANDER OF TITLE
### (as against Marc Kadic only)

76. The Plaintiff realleges Paragraphs 1 through 75 of this complaint as though fully set forth herein.

77. "Slander of title is a tort action for damage to real property resulting from interference with title to real estate by falsehoods which although not personally defamatory, cause the Plaintiff pecuniary loss through interference with....dominion over his property" *Salloom v. Lister* 2004 WL 1836027, 18 Mass L. Rptr. 165 at *2 (Mass Super. 2004).

78. "In Massachusetts, a person is liable for slander of title, i.e. injurious falsehood", if he or she (a) publishes a false statement, (b) that harms the interests of another; (c) with the intent to harm the interests of another or "either recognizes or should recognize that it is likely to do so, an (d) knows that the statement is false or acts in reckless disregard of its truth or falsity". *Dulgarian v. Stone*, 652 N.E. 2d 603, 609 (Mass. 1995).

79. Defendant is responsible for publication of false statement. Here it is unquestioned that the Defendant has caused a false publication to be publically recorded at the Suffolk County Registry of Deed that purports to state that Defendant currently has absolute ownership of the title to the Shapiro residence free and clear of all liens.

80. Defendant is responsible for causing harm to Plaintiff. It is unquestioned that Defendant's publication of the false assertion that it is the current title holder of the Shapiro residence free and clear of all liens, has caused significant financial harm to the Plaintiff, by impeding Plaintiff from asserting its interest relative to the First Mortgage.

81. Defendant is responsible for intent to harm Plaintiff. It is unquestioned that the Defendant intended to harm the interests of Plaintiff through its false publication, with knowledge of the underlying transaction and failure to comply with statutory terms.

82. Defendant possesses the necessary scienter as to the wrongfulness of his actions. Defendant continues to act in reckless disregard and with scienter of the falsity of said false publications in the Suffolk Registry of Deeds relative to the defective nature of the sheriff's auction conducted by Defendant.

83. Based upon the above numbered paragraphs, Plaintiff has succinctly set out, and successfully pled, the specific acts by Defendant which meet the foundational elemental requirements to establish the tort of Slander of his Title by Defendant.

84. Plaintiff seeks all damages allowable in tort, or otherwise allowable by this court, for these transgressions by the Defendant and will prove said damages at trial.

**WHEREFORE**, the Plaintiff prays as follows:

　　1.　For a declaration and equitable determination and judgment under Counts I and II that Plaintiff is the rightful holder of a first position priority mortgage relative to the subject property and that defendants herein, and each of them, be declared to have no estate, right, title or interest in said property adverse to Plaintiff's priority first position mortgage relative therein;

2. For a declaration and determination that Plaintiff has been wrongfully deprived of its rights and remedies under the Policy by Fidelity and is entitled to damages relative to same;

3. For a declaration relative to the invalidity of the sheriff's sale conducted by Kadis and entitlement of damages relative to same;

4. For declaration of the obligations of Shapiro to Plaintiff under the terms of the Note;

5. Enter Judgment in Plaintiff's favor on Counts III and IV in an amount equal to the damages sustained by Plaintiff which are in excess of $250,000.00, plus attorneys fees and costs;

6. Enter Judgment in Plaintiff's favor on Count V in an amount equal to the damages sustained by Plaintiff which are in excess of $250,000.00, said amount to be doubled or trebled in light of the knowing and willful nature of the acts complained of herein, plus attorneys fees and costs;

7. Enter Judgment in Plaintiff's favor on Count VI in an amount equal to the damages sustained by Plaintiff which are in excess of $250,000.00, plus attorneys fees and costs;

8. Enter Judgment in Plaintiff's favor on Counts VII and VIII in an amount equal to the damages sustained by Plaintiff which are in excess of $250,000.00, and that this Court award Plaintiff reasonable attorneys and expert fees, and costs pursuant to its claims related to wrongful foreclosure and slander of title;

9. Award of pre-judgment and post-judgment interest on all amounts awarded.

10. Grant to the Plaintiff such other and further relief as the Court may deem just, proper and equitable.

## VERIFICATION

I, Barbara Dauster-Adams, verify that I have read the allegations contained in this verified complaint; that I have personal knowledge of the facts stated therein or such facts are within the knowledge of other employees of CitiMortgage, Inc. or contained in its business records; that, other than the allegations made upon information and belief, those allegations are true to the best of my knowledge and that I believe that the allegations made upon information and belief are true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 29th DAY OF October, 2012.

*Barbara Dauster-Adams*
Business Operations Analyst
CitiMortgage, Inc.

Signed and sworn before me
this 29 day of October, 2012

*Erin M. Theobald*
Notary Public
My commission expires: 4/25/14

ERIN M. THEOBALD
Notary Public - Notary Seal
State of Missouri
St. Charles County
Commission # 10966152
My Commission Expires April 25, 2014

ERIN M. THEOBALD
Notary Public - Notary Seal
State of Missouri
St. Charles County
Commission # 10566152
My Commission Expires April 25, 2014

|  |  |
|---|---|
|  | CitiMortgage, Inc., <br> By Its Attorney, |
| Dated:  10/23/2012 | /s/ Lawson Williams |
|  | Lawson Williams <br> BBO # 545367 <br> Korde & Associates. <br> 321 Billerica Road, Suite 210 <br> Chelmsford, MA 01824-4100 <br> (978) 256-1500, Ext. 248 |