UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-12038-GAO

CITIMORTGAGE, INC.,
Plaintiff,

v.

VLADIMIR SHAPIRO, MARC KADIS, and
FIDELITY NATIONAL TITLE INSURANCE COMPANY,
Defendants.

ORDER
March 27, 2014

O'TOOLE, D.J.

The plaintiff, CitiMortgage, Inc., has moved for reconsideration of the Court's Order (dkt. no. 53) granting defendant Marc Kadis' motion to dismiss and terminating as moot the plaintiff's motion for lis pendens.

As a preliminary matter, CitiMortgage is correct that it has standing to sue as the party in interest because MERS assigned its rights under the mortgage at issue to CitiMortgage in December 2009. However, I decline to reconsider my prior ruling that lack of notice to MERS did not render the sheriff's sale invalid. In its motion for reconsideration, CitiMortgage concedes that no statutory provision entitles a mortgagee of record to notice of a sheriff's sale and argues that MERS was entitled to notice as a constitutionally protected due process right. But CitiMortgage points to no authority stating that notice of a sheriff's sale must be given both to a lender, who "alone enjoys the beneficial interest in the loan," and to a nominee who holds "bare legal title as mortgagee of record" for the lender. See Culhane v. Aurora Loan Servs. of Neb., 708 F.3d 282, 291 (1st Cir. 2013). In the ordinary case, it may be both prudent and preferable

that a nominee in the position of MERS as the "mortgagee of record" be notified of a sheriff's sale so that it, in turn, could properly notify its principal, the noteholder, but this is not the ordinary case because the noteholder received direct notice of the sale. The substance of the principle should not turn on who provided the notice to the noteholder.

To the extent that CitiMortgage challenges the sufficiency of notice to CitiMortgage, I note that not once in its briefing regarding the motion to dismiss did CitiMortgage raise any issue concerning the notice it received, neither as to its content nor the fact of receipt. Only at the hearing did CitiMortgage's counsel point to a possible discrepancy between a handwritten notation on the letter from the deputy sheriff indicating "1st Class Mailing" and the inclusion of a certified mail receipt. There is no factual dispute that CitiMortgage received actual notice of the sale, and as a legal matter, I concluded in the prior order that such notice to it was sufficient. I adhere to that conclusion.

CitiMortgage further requests reconsideration of the termination of the motion for lis pendens as moot. As reason therefor, CitiMortgage asserts that defendant Vladimir Shapiro, as mortgagor, has equitable title in the property, and an actual controversy "affecting the title to real property" and "the use and occupation thereof" remains. Mass. Gen. Laws ch. 184, § 15(b). However, this position is unsupported by the facts as alleged by CitiMortgage. There is no dispute here that "a sheriff's sale enforcing a senior recorded encumbrance or lien" took place, which rendered "[t]he interest of a junior mortgagee . . . susceptible of nullification." Teschke v. Keller, 650 N.E.2d 1279, 1284 (Mass. App. Ct. 1995). As CitiMortgage acknowledged in its demand letter to defendant Fidelity National Title Insurance Company, "the sheriff's deed was recorded, vesting title in Marc Kadis. The sheriff's deed had a one year right of redemption."

(Compl., Ex. W (dkt. no. 23)).) The redemption period has long passed, and CitiMortgage cannot now contend that Shapiro has equitable title in the property such that lis pendens is appropriate.

For these reasons, the plaintiff's Motion (dkt. no. 59) for Reconsideration is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge