UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-12038-GAO

CITIMORTGAGE, INC.,
Plaintiff,

v.

VLADIMIR SHAPIRO, MARC KADIS, and
FIDELITY NATIONAL TITLE INSURANCE COMPANY,
Defendants.

ORDER
January 30, 2015

O'TOOLE, D.J.

This action arises from the sheriff's sale of a condominium located in Brighton, Massachusetts, that resulted in the extinguishment of a mortgage interest in the condominium held by the plaintiff CitiMortgage, Inc. CitiMortgage alleges that the defendant Fidelity National Title Insurance ("Fidelity"), which had issued a title insurance policy to CitiMortgage, is obliged to indemnify it against losses it incurred as a result of the sheriff's sale. Fidelity has since moved for summary judgment.

I.  **Factual Background**

The record reveals that the following facts are not genuinely undisputed:

In April 2006, Vladimir Shapiro purchased the condominium in question and granted a mortgage to New Century Mortgage in the amount of $192,800. In January 2008, Seymore-James LLC, holding a money judgment of $3,202.90 against Shapiro, obtained a writ of execution which was recorded against Shapiro's real property interests on April 17, 2008. On

May 22, 2008, Shapiro refinanced his mortgage loan and executed a promissory note to CitiMortgage in the amount of $197,500. The note was secured by a mortgage granted to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for CitiMortgage.

CitiMortgage subsequently obtained title insurance from Fidelity. The policy insured CitiMortgage against any losses from a "lack of priority of the lien of the Insured Mortgage upon the Title over any other lien or encumbrance." (Loan Policy of Title Insurance, Ex. E at 2 (dkt. no. 3).) A condition in the policy provided:

> The insured shall notify [Fidelity] promptly in writing . . . in case Knowledge shall come to an Insured of any claim of title or interest that is adverse to the Title or the lien of the Insured Mortgage, . . . and that might cause loss or damage for which [Fidelity] may be liable by virtue of this policy . . . . If [Fidelity] is prejudiced by the failure of the Insured Claimant to provide prompt notice, [Fidelity]'s liability to the Insured Claimant under this policy shall be reduced to the extent of the prejudice.

(Id. at 10.)

A sheriff's sale of the property to satisfy the execution was scheduled for October 30, 2009, and notice of the sale was sent by first class and certified mail by the sheriff's department on September 28, 2009 and received by CitiMortgage on October 1, 2009. Later that month, the execution against Shapiro was assigned to Marc Kadis for $5,000. Kadis purchased the property at the sheriff's sale for $7,859.04.

By letter dated November 30, 2009, CitiMortgage notified Fidelity of its claim under the title insurance policy arising from the sheriff's sale. Fidelity determined that CitiMortgage had failed to provide timely notice as required under the policy and found that its liability for the claim was reduced to the purchase price of the property at the sheriff's sale, or $5,000. CitiMortgage rejected Fidelity's offer and commenced this action.

## II.     Discussion

Fidelity contends that it is entitled to summary judgment because while CitiMortgage received notice of the sheriff's sale in September 2009, it only provided notice to Fidelity after the property had been sold. Fidelity argues that it was prejudiced by this late notice because, had CitiMortgage sent notification before the sale, Fidelity could have satisfied the outstanding execution or acquired the property at the sheriff's sale. As a result, Fidelity says its liability is reduced under the policy.

CitiMortgage challenges Fidelity's claim that CitiMortgage had knowledge of the sale in September 2009. The argument comes too late. The Court has already determined that notice to CitiMortgage was sufficient at an earlier stage in this litigation (dkt. nos. 53, 68). Defendant Kadis moved to dismiss CitiMortgage's claims against him on the basis that CitiMortgage had notice of the sheriff's sale as of September 2009. CitiMortgage's filings opposing the motion to dismiss focused on whether notice should have been given to MERS as the nominal mortgagee, rather than to CitiMortgage. After the Court granted Kadis' motion to dismiss, CitiMortgage filed a motion for reconsideration that contained more detailed objections regarding the notice it received. (Mot. for Reconsideration at 16 & fn.14 (dkt. no. 60).) Denying this motion, the Court explained:

> There is no factual dispute that CitiMortgage received actual notice of the sale, and as a legal matter, I concluded in the prior order that such notice to it was sufficient. I adhere to that conclusion.

(Order at 2 (dkt. no. 68).)

Moreover, an affidavit from the person in the sheriff's department who sent the notice to CitiMortgage affirming that notice was sent and a certified receipt from CitiMortgage was received in return is not contradicted. (Potential defects in a first affidavit were cured by a subsequent supplemental affidavit, and a motion to strike the first affidavit is now, even if granted, beside the point.)

### **III.** **Conclusion**

For the reasons stated herein, the defendant's Motion (dkt. no. 69) for Summary Judgment is GRANTED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge